UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BRAYDEN LEACH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:25-CV-00035-DCLC-CRW |
| ARON BEYENE and NILE EXPRESS, LLC, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Brayden Leach's Motion to Remand [Doc. 14], Mr. Leach's Memorandum in Support [Doc. 15], Defendant Aron Beyene's Response in Opposition [Doc. 16], Mr. Beyene's Memorandum in Opposition [Doc. 17], Defendant Nile Express, LLC's Response in Opposition [Doc. 18], and Mr. Leach's Reply [Doc. 19]. For the reasons herein, the Court will deny Mr. Leach's motion.

### I. Background

Plaintiff Brayden Leach brings suit against Defendants Aron Beyene and Nile Express, LLC, for negligence arising out of an automobile accident, which caused Mr. Leach to suffer serious injuries. [State-Court Compl., Doc. 1-2, at 1–4]. On February 14, 2025, Nile Express, whom Mr. Leach served with process on January 16, 2025 [Executed Summons, Doc. 15-2, at 2], timely removed this action from Hawkins County Circuit Court, [Notice of Removal, Doc. 1]. The notice does not state whether Mr. Beyene has consented to the removal. Mr. Beyene, whom Mr. Leach served on January 8, 2025, [Executed Summons, Doc. 15-1], ultimately consented to the removal on February 21, 2025, [Mr. Beyene's Notice of Consent, Doc. 9].

Mr. Leach now moves the Court to remand this action, contending that Mr. Beyene's consent is untimely, and therefore invalid, and that Mr. Beyene has waived his right to removal through his conduct in state court. Mr. Beyene and Nile Express oppose his motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on Mr. Leach's motion.

## II. Removal under 28 U.S.C. §§ 1441 and 1446

Under 28 U.S.C. § 1441, a state action is removable to federal court only when "district courts of the United States have original jurisdiction" over that action, 28 U.S.C. § 1441(a), and under 28 U.S.C. § 1446, Congress set forth procedures for removal, providing that a defendant seeking to remove a state action must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," 28 U.S.C. § 1446(b)(1). In cases with multiple defendants who request removal under § 1441(a), as is the case here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). The requirement that all defendants must consent to the removal is known as the "rule of unanimity." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (2003).[1] "If defendants are served at different times, and a later-served defendant files a notice of removal," as is the case here, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).[2]

---

[1] Congress codified the rule of unanimity in amendments to 28 U.S.C. § 1446 in 2011. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) ("While not codified until 2011, common law long required all defendants to consent to removal." (citing *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)).

[2] In § 1446(b)(2)(C), Congress codified the last-served defendant rule, *Robertson v. U.S. Bank*, *N.A.*, 831 F.3d 757, 762 (6th Cir. 2016), a common-law rule that the Sixth Circuit has adhered to since 1999, *see Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999); *see also Robertson*, 831 F.3d at 762. The rule applies "[1] [i]f defendants are served at different times, and [2] a later-served defendant files a notice of removal," 28 U.S.C. § 1446(b)(2)(C), as is the case here.

2

After the filing of the notice of removal, a plaintiff has thirty days to challenge the timeliness of removal. 28 U.S.C. § 1447(c); *see Nessel on behalf of People of Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 969 (6th Cir. 2024) ("[R]emoval-timing issues may be raised only by the plaintiff[.]").[3] The removing party—that is, the defendant—then shoulders the burden of establishing that removal is proper. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996); *see Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.").

### III. ANALYSIS

In moving for remand, Mr. Leach raises a two-fold argument. First, he asserts that Mr. Beyene's consent to the removal was "too late." [Mr. Leach's Mem. at 3]. Second, he contends that Mr. Beyene, through his conduct in state court, has waived his statutory right to removal. [*Id.* at 4–7]. Under the rule of unanimity, Mr. Leach maintains that Mr. Beyene's procedural shortcomings—his tardy consent and his waiver of his right to removal—foreclose not only his removal of this action but also Nile Express's removal of this action.

#### A. Timeliness: Mr. Beyene's Consent to Removal

The question before the Court is whether in a case like this one—in which multiple defendants receive service at different times—a first-served defendant who did not initiate the removal (in this case, Mr. Beyene) must consent to removal within thirty days of service on a last-served defendant (in this case, Nile Express), and whether this failure to consent within thirty days requires remand. *See* [Mr. Leach's Mem. at 4 ("Beyene's Consent to Removal filed on February 21, 2015[,] comes 36 days after service was made on defendant Nile Express on

---

[3] Mr. Leach's challenge is timely.

3

Case 2:25-cv-00035-DCLC-CRW    Document 27    Filed 07/31/25    Page 3 of 11
PageID #: 150

January 16, 2025," and "Mr. Beyene's delayed consent to removal is ineffective and requires remand to state court.")].[4] If the answer to this question is yes, then the Court must remand this action because Mr. Beyene did not file his consent until February 21, 2025, more than thirty days after Nile Express received service on January 16, 2025. *See Nessel*, 104 F.4th at 971–72 ("[W]e hold that § 1446(b)'s time limitations are mandatory," and "failure to comply with these mandatory rules requires remand.").

Section 1446(b)(2)(C) is silent about when a first-served defendant has to consent to a later-served defendant's notice of removal, and in response to this silence, courts have come to inconsistent results in addressing whether § 1446(b)(2)(C) contains any deadline for consent to removal. *See McKnight-Cross v. Debbie Yancey, Hoosier Transit, Inc.*, No. 3:24-cv-00872, 2024 WL 4229280, at *3 (M.D. Tenn. Sept. 18, 2024) ("To be timely, the consent of a previously served defendant who does not join in the removal must be filed within thirty days after service on the last-served defendant."); *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (deciding that first-served defendants may consent to removal "so long as the joinder or consent is accomplished within the later-served defendant's 30-day removal period"); *Pattison v. Nevada ex rel. Nev. Dep't of Corr.*, No. 3:14-cv-00020-MMD-VPC, 2014 WL 2506467, at *3 (D. Nev. June 3, 2014) (determining that the first-served defendant "must consent within thirty (30) days" of the later-served defendant's notice of removal); *Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at

---

[4] Mr. Leach also argues that "[i]n cases involving multiple defendants, all defendants must join in the removal petition within thirty days from the date that the complaint is served upon the first defendant," [Mr. Leach's Mem. at 4 (quoting *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F. Supp. 812, 814 (M.D. Tenn. 1989)], but with this argument, Mr. Leach asks the Court to adopt the first-served defendant rule, which is contrary to the Sixth Circuit's precedent and to Congress's codification of the last-served defendant rule in § 1446(b)(2)(C), *see Robertson*, 831 F.3d at 762; *Brierly*, 184 F.3d at 533; *see generally Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1158 (E.D. Cal. 2002) ("[T]he 'first-served defendant' rule . . . holds that the thirty-day limit on filing a removal petition under section 1446(b) begins to run from the time of service on the first-served defendant.").

4

\*14 (D. Md. July 11, 2013) (concluding that a first-served defendant must consent to removal either within his own thirty-day window for removal or concurrently with the later-served defendant's notice of removal); *but see Gaynor v. Miller*, 205 F. Supp. 3d 935, 939–41 (E.D. Tenn. 2016) (ruling that § 1446(b)(2)(C) does not contain a requirement that a first-served defendant must consent to removal within thirty days of removal).

Confronting this silence, Mr. Beyene and Nile Express—the parties with the burden of establishing the propriety of removal—argue that a plain reading of § 1446(b)(2)(C) does not contain a thirty-day requirement for the filing of consent and that the Court, therefore, should not read one into the statute. *See* [Nile Express's Mem. at 5 ("The statute does not impose a thirty-day requirement for earlier-served defendants to consent as postured by Plaintiff. This lack of a specific deadline indicates that such consent to removal is not subject to the same thirty-day limitation that applies to the filing of the notice of removal itself.")]; [Mr. Beyene's Mem. at 4 ("[T]here is nothing in the statute that requires consent within the thirty (30) day timeframe.")]. This Court previously accepted this argument in *Gaynor*. *See Gaynor*, 205 F. Supp. 3d at 940–41 ("This Court finds, however, that the plain reading of § 1446(b)(2)(C) does not require such consent to be filed within thirty days, unlike other provisions in § 1446(b)." (citations omitted)); *see also McIntosh v. Crabtree*, No. 5:22-cv-00333, 2023 WL 6050575, at \*4 (E.D. Ky. Sept. 15, 2023) ("[C]ourts within this circuit have held that, because Congress set forth no deadline in the statutory text [of § 1446(b)(2)(A)] itself, courts have no basis to infer one. The Court concurs with this reasoning[.]" (citing *Gaynor*, 205 F. Supp. 3d at 939–41)).

Although the *Gaynor* does not bind the Court, *see Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a

different judicial district, the same judicial district, or even upon the same judge in a different case." (quotation omitted)), its reasoning in *Gaynor* is sound because federal courts, absent a compelling reason, do not insert language or requirements into statutes when Congress itself has chosen not to do so. *See Nash v. United States*, 229 U.S. 373, 378 (1913) ("[W]e can see no reason for reading into the Sherman [A]ct more than we find there[.]"); *Olatunji v. Ashcroft*, 387 F.3d 383, 394 (4th Cir. 2004) ("Anything more, in the face of complete congressional silence, is nothing but judicial legislation."); *Tokarcik v. Forest Hills Sch. Dist.*, 665 F.2d 443, 454 n.21 (3d Cir. 1981) ("While it might appear desirable to devise a uniform national time limitation to fill the statutory silence of Congress, we decline to engage in judicial legislation at this time." (citation omitted)); *Int'l Union of Operating Eng'rs v. Fischbach & Moore, Inc.*, 350 F.2d 936, 939 (9th Cir. 1965) ("The fact is that Congress has remained silent on the matter . . . and it does not appear that the omission was unintentional or intended to require 'judicial legislation.'"); *cf. United States v. Klingler*, 61 F.3d 1234, 1237 (6th Cir. 1995) ("[S]trict construction does not allow a court to disregard the purpose of Congress." (citing *Moskal v. United States*, 498 U.S. 103, 113 (1990)).

In addition to *Gaynor*, Mr. Beyene and Nile Express cite *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), which predated § 1446(b)(2)(C)'s codification but is nonetheless instructive. In *Brierly*, the Sixth Circuit addressed § 1446(b)(1)'s thirty-day requirement—i.e., the requirement that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Specifically, the Sixth Circuit considered this thirty-day requirement's application to a scenario comparable to the one now before this Court: "whether, in cases with multiple defendants served at different times, the last-served defendant is allowed a full 30 days

6

Case 2:25-cv-00035-DCLC-CRW   Document 27   Filed 07/31/25   Page 6 of 11
PageID #: 153

after being served to remove or, instead, only has 30 days from [the] time the first defendant is served." *Brierly*, 184 F.3d at 532. In addressing this issue, the Sixth Circuit held that "a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Id.* at 533 (footnote omitted). In other words, the thirty-day timeframe for removal does not begin when the first-served defendant receives service. *Id.*

*Brierly* is arguably not dispositive because the issue, though similar, is not precisely on point, the case predated § 1446(b)(2)(C)'s codification, and the Sixth Circuit, in reaching its decision, relied partly on "fairness," *id.* at 533, which is an equitable consideration that the Sixth Circuit has since renounced as "incompatible with a strict construction of § 1446(b)," *Nessel*, 104 F.4th at 971 (citations omitted). But *Brierly* is highly instructive in showing how the Sixth Circuit dealt with congressional silence in the statute in question: "We are naturally reluctant to read additional words into the statute," and "[i]f Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided." *Brierly*, 184 F.3d at 533.

Just as the Sixth Circuit, in response to Congress's silence, declined to graft into § 1446(b)(1) a thirty-day requirement that applies to cases involving the service of multiple defendants at different times, this Court, in response to Congress's silence, will likewise refuse to introduce this thirty-day requirement into § 1446(b)(2)(C). *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (commenting that a timeframe for a first-served defendant to consent to a later-served defendant's removal under § 1446(b)(2)(C) is unclear and declining to read a timeframe into the statute because "Congress could have defined . . . the . . . time for consent but chose not to do so"). The Court therefore holds that

7

§ 1446(b)(2)(C) does not require a first-served defendant to consent to removal within thirty days of service on a last-served defendant.

But even if § 1446(b)(2)(C) does impose this thirty-day requirement on a first-served defendant, the Court would be left with these facts: Nile Express's notice of removal was timely, and Mr. Beyene's consent, by Mr. Leach's tally, was untimely by a mere six days. *See* [Mr. Leach's Mem. at 4 ("Beyene's Consent to Removal filed on February 21, 2015[,] comes 36 days after service was made on defendant Nile Express on January 16, 2025," and "requires remand to state court.")]. Under like facts, the Court held in *Gaynor* that "[e]ven if the earlier-served defendants were required to consent within thirty days of removal," their filing of a notice of consent just "eight days past this deadline" did not violate § 1446(b)(2)(C) and the rule of unanimity because it resulted in no prejudice to the plaintiffs. 205 F. Supp. 2d at 941; *see Loftis*, 342 F.3d at 516 (referring to a breach of the rule of unanimity as but a "technical defect[]"); *see also Griffioen*, 785 F.3d at 1187 ("[W]e have been 'disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner.'" (internal quotation mark and quotation omitted)). The six-day period that Mr. Leach complains of—a lesser period than the eight-day period in *Gaynor*—would therefore not warrant remand under *Gaynor*. *See Couzens v. Donohue*, 854 F.3d 508, 515 (8th Cir. 2017) (declining to specify a time limit for consent to removal under § 1446(b)(2)(C) and holding that an earlier-served defendant had "sufficiently consented to removal" even though it had filed its consent thirty-one days after the later-served defendants had filed their notice of removal).

In sum, in § 1446(b)(2)(C), Congress stated—in the plainest of terms and without qualification—that "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Consistent with this

8

statutory language, Mr. Beyene, the earlier-served defendant, consented to Nile Express's timely removal even though he did not initiate the removal. Nothing more is necessary under the statute's plain language. Mr. Beyene's consent therefore complies with § 1446(b)(2)(C) and with the rule of unanimity, and remand is improper.

### B. Waiver: Mr. Beyene's Conduct in State Court

Next, Mr. Leach argues Mr. Beyene has waived his right to removal by engaging in "'affirmative action' . . . indicating his willingness to litigate in the state court." [Mr. Leach's Mem. at 6]. Although the right to removal "is a statutory right," it "can be waived," *Regit Assocs. v. Rank Hotel (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citations omitted), either through conduct that "explicit[ly]" or "constructively" amounts to substantial steps to litigate the state-court action on the merits, *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (citations omitted). But the conduct that Mr. Leach complains of arose—by Mr. Leach's own admission—not in this action but in a separate, simultaneously pending state-court action in which Mr. Beyene is the *plaintiff*, not the defendant:

> Mr. Beyene deliberately elected to litigate the parties' February 7, 2024 accident *in state court* and after filing his Complaint, after Brayden Leach counterclaimed against him, Mr. Beyene elected to remain in state court, amended his Complaint to add Nile Express, LLC as a defendant and answered Requests for Admission submitted to him. Certainly all of this activity amounts to such 'substantial action' taken by Mr. Beyene in state court, manifesting a willingness on his part to litigate the subject accident in state court, whereby he is disallowed from now consenting to removal of th[is] related action[.]

[Mr. Leach's Mem. at 7 (emphasis in original)]; *see* [Mr. Beyene's Mem. at 5 ("[W]hile Beyene cannot dispute that there is a state court action pending arising out of the same accident, it is not the current action that has now been removed. It is a separate lawsuit. Therefore, Beyene contends that Plaintiff should not be able to argue that Beyene has waived the right to removal by his actions in another lawsuit." (footnote omitted))].

9

The statutory right to removal, and any potential waiver of that right, applies only to defendants, not plaintiffs. *See* 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action . . . shall file in the district court of the United States . . . a notice of removal[.]" (emphasis added)); *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578–79, 580 (1954) ("When . . . jurisdiction of the state district court is invoked, it then becomes . . . subject to removal by the defendant to the United States District Court. . . . Here the railroad is the plaintiff . . . and cannot remove." (citation and footnote omitted)). Mr. Leach's contention that Mr. Beyene, through his actions as a *plaintiff* in a separate state-court action, has somehow waived his statutory right to removal here in this action is therefore a legal fallacy.[5]

And even if Mr. Beyene, as the first-served defendant, has waived his right to removal through his conduct, it would in no way affect the right of Nile Express, as the later-served defendant, to remove this action. *See Robertson*, 831 F.3d at 761–62 ("[A]n earlier-served defendant's conduct does not extinguish a later-served defendant's right to remove the case. As long as the defendant who waived the right to remove consents to removal when the later-served defendant seeks it, the prior waiver has no effect."); *id.* at 762 ("[O]ne defendant's failed attempt to remove could not inhibit a latter-served defendant's opportunity to remove."). Mr. Leach's request for relief—that "this action should be remanded to state court" [Mr. Leach's Mem. at 8]—is therefore unavailable even if Mr. Beyene has waived his right to removal, so remand is improper.

---

[5] None of the parties argues, under any abstention doctrine, that the Court should abstain from exercising its jurisdiction over this action in light of the simultaneously pending state-court action.

10

Case 2:25-cv-00035-DCLC-CRW   Document 27   Filed 07/31/25   Page 10 of 11
PageID #: 157

The statutory right to removal, and any potential waiver of that right, applies only to defendants, not plaintiffs. *See* 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action . . . shall file in the district court of the United States . . . a notice of removal[.]" (emphasis added)); *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578–79, 580 (1954) ("When . . . jurisdiction of the state district court is invoked, it then becomes . . . subject to removal by the defendant to the United States District Court. . . . Here the railroad is the plaintiff . . . and cannot remove." (citation and footnote omitted)). Mr. Leach's contention that Mr. Beyene, through his actions as a *plaintiff* in a separate state-court action, has somehow waived his statutory right to removal here in this action is therefore a legal fallacy.[5]

And even if Mr. Beyene, as the first-served defendant, has waived his right to removal through his conduct, it would in no way affect the right of Nile Express, as the later-served defendant, to remove this action. *See Robertson*, 831 F.3d at 761–62 ("[A]n earlier-served defendant's conduct does not extinguish a later-served defendant's right to remove the case. As long as the defendant who waived the right to remove consents to removal when the later-served defendant seeks it, the prior waiver has no effect."); *id.* at 762 ("[O]ne defendant's failed attempt to remove could not inhibit a latter-served defendant's opportunity to remove."). Mr. Leach's request for relief—that "this action should be remanded to state court" [Mr. Leach's Mem. at 8]—is therefore unavailable even if Mr. Beyene has waived his right to removal, so remand is improper.

---

[5] None of the parties argues, under any abstention doctrine, that the Court should abstain from exercising its jurisdiction over this action in light of the simultaneously pending state-court action.

10

Case 2:25-cv-00035-DCLC-CRW   Document 27   Filed 07/31/25   Page 10 of 11
PageID #: 157

## IV. Conclusion

As the parties requesting removal, Mr. Beyene and Nile Express meet their burdens of showing that the removal of this action is proper. Mr. Leach's motion to remand [Doc. 14] is therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge